# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY NELSON,** | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 1:10-1277 |
| v. | : |
| | : (CONNER, D.J.) |
| **PENNSYLVANIA BOARD OF** | : (MANNION, M.J.) |
| **OF PROBATION AND PAROLE;** | |
| **PA STATE ATTORNEY GENERAL,** | : |
| | : |
| Respondents | : |

## REPORT AND RECOMMENDATION[1]

On June 18, 2010, the petitioner, an inmate at the State Correctional Institution, Dallas, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, (Doc. No. 1), along with a brief in support, (Doc. No. 2). An order to show cause was issued by the court on July 1, 2010. (Doc. No. 6). After having been granted an extension of time to do so, (Doc. No. 10), on August 18, 2010, the respondents filed a response to the petition, (Doc. No. 13), along with a supporting brief, (Doc. No. 12). The petitioner then filed a number of documents which, collectively, are considered his reply. (Doc. Nos. 14, 15, 16, 18).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Upon review of the petition, the response thereto, and related materials, on August 31, 2004, the petitioner was sentenced to a total term of imprisonment of 3 years, 10 months to 13 years after having been convicted of the crimes of forgery and access device fraud. (Doc. No. 11, Ex. A, Attachment 1). The petitioner's minimum sentence was calculated as March 15, 2007, and his maximum sentence as May 15, 2016. (Id.).

On January 9, 2008, the petitioner was released on parole. (Doc. No. 11, Ex. A, Attachments 2, 3).

On December 8, 2008, the petitioner tested positive for THC and was given a choice by his parole agent to either spend ninety days at a drug rehabilitation center or six months at a half-way house. The petitioner chose the drug rehabilitation center, and as part of the conditions of his parole, on December 8, 2008, Board agents gave the petitioner a written instruction to attend and successfully complete the Gaudenzia House Treatment Program. (Id. at Attachment 3). One week later, on December 15, 2008, the petitioner was discharged from Gaudenzia in violation of his parole conditions. (Id.). That same date, Board agents charged the petitioner with a technical parole violation, namely, failure to abide by Gaudenzia's policies, and detained the petitioner at the State Correctional Institution in Graterford. (Id.).

On December 16, 2008, the petitioner signed a PBPP 72A form, Waiver of Violation Hearing and Admission Form, in which he knowingly, intelligently, and voluntarily admitted to being in violation of the terms and conditions of his parole; specifically, condition #7, for being discharged from treatment unsuccessfully, and waived his right to a preliminary hearing and a violation hearing. (Id., Attachment #4).

On December 18, 2008, the plaintiff signed a Notice of Charges and Hearings that listed as supporting evidence for his recommitment "Parolee Nelson, Terry #167DT was discharged unsuccessfully from Gaudenzia Rehab for failure to abide by their policies." (Doc. No. 11, Ex. A, Attachment 5). Also on December 18, 2008, the petitioner signed a PBPP 72 form waiving his right to a preliminary hearing and a panel hearing. (Id. at Attachment 6).

By Board decision dated February 3, 2009, the petitioner was recommitted as a technical parole violator to serve nine months backtime for violating condition #7 of his parole. (Doc. No. 11, Ex. A, Attachment 7).

The petitioner sought administrative relief from the Board claiming that his admission that he was unsuccessfully discharged from treatment did not constitute an admission to the charge that he failed to abide by Gaudenzia's policies which was the basis for his parole being revoked. The petitioner

3

argued that the revocation of his parole was in error because there was no evidence to support the claim that he failed to abide by the policies of Gaudenzia. (Doc. No. 11, Ex. A, Attachments 8, 9). By letter dated April 27, 2009, the Board affirmed the February 3, 2009, decision. (Id. at Attachment 10).

On May 18, 2009, the petitioner filed a petition for review in the Commonwealth Court of Pennsylvania which was docketed to 977 CD 2009. (Doc. No. 11, Ex. B). On September 23, 2009, the Commonwealth Court affirmed the order of the Board. (Id. at Ex. C).

The petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania which was docketed to 599 MT 2009. (Doc. No. 11, Ex. B). On June 9, 2010, the Supreme Court of Pennsylvania denied the petition for allowance of appeal. (Id. at Ex. D).

The petitioner then proceeded to file the instant action, in which he essentially argues that there is nothing in the record to support the Board's charge that he failed to abide by Gaudenzia's policies[2]. The petitioner claims that his discharge from Gaudenzia and his arrest and revocation proceedings

---

[2] The court notes that the petitioner's filings, including his petition and briefing, consume in excess of 90 pages; however, sorting through all of the verbiage, the petitioner's claim comes down to this basic argument.

had no foundation of probable cause and were not supported by substantial evidence in the record. The petitioner claims that he is being confined illegally and seeks discharge from confinement.

The Supreme Court has recently reiterated the standard for obtaining relief pursuant to §2254:

> As amended by AEDPA[3], 28 U.S.C. §2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." Sections 2254(b) and (c) provide that a federal court may not grant such applications unless, with certain exceptions, the applicant has exhausted state remedies.
> If an application includes a claim that has been "adjudicated on the merits in State court proceedings," §2254(d), an additional restriction applies. Under §2254(d), that application "shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim":
>> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."
>
> This is a "difficult to meet," Harrington v. Richter, 562 U.S. ---, --- (2011) (slip op., at 12), and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," Woodford v. Visciotti,

---

[3]Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214.

537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam) (citation and internal quotation marks omitted). The petitioner carries the burden of proof. Id., at 25.

Cullen v. Pinholster, --- S.Ct. ----, 2011 WL 1225705, *8 (Apr. 4, 2011). The Court further held that review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Id.

In this case, the merits of the claims raised by the petitioner were addressed by the Commonwealth Court, with the Supreme Court of Pennsylvania denying review. Despite this, the petitioner has failed in his filings to address the provisions of §2254(d) as they relate to his case. Upon review, in addressing the petitioner's claim, the Commonwealth Court stated, in relevant part:

> On appeal, Nelson contends that his waiver did not constitute sufficient evidence upon which to revoke his parole, that his waiver was not an admission that he violated his parole by failing to comply with Gaudenzia's policies, and that the failure to specify which Gaudenzia policies he did not abide by violated his due process right to disclosure of the evidence against him.
>
> What Nelson's contention ignores is that he admitted that he violated the terms of his parole and signed no less than *five times* that he waived all rights in conjunction with his parole violation, which itself, is substantial evidence upon which the Board could find that he violated parole. Moreover, he gave no explanation for his actions in the blank spaces provided on the waiver of violation form nor did he retract his statement within the ten-day grace period. This Court has held twice since last year that no hearing is required after a parolee admits that he violated

the terms and conditions of his parole and waives his right to a hearing because the clear statements in the waiver form are sufficient evidence in and of themselves to justify recommitment. Prebella v. Board of Probation and Parole, 942 A.2d 257 (Pa. Cmwlth. 2008); McKenzie v. Board of Probation and Parole, 963 A.2d 616 (Pa. Cmwlth. 2009). His admissions that he violated parole is (sic) substantial evidence upon which to find that the Board could [have] made out its case.

These same waivers also prevent Nelson from challenging his recommitment because he did not receive specific notice in writing of what policies he violated while at Gaudenzia that caused his parole to be revoked. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Given that he admitted that he violated Gaudenzia's policies, waived his right to a preliminary hearing, a panel hearing and representation by counsel, his claim that he did not receive specific notice of the exact charge against him is disingenuous. Moreover, by waiving his right to a hearing, Nelson also waived any right to argue on appeal issues that could have been argued at the waived hearing. See McKenzie, 963 A.2d at 621 ("It is well-settled that failure to raise an issue before the Board results in waiver and precludes this Court from review.")

Nelson v. Pennsylvania Board of Probation and Parole, No. 977 C.D. 2009.

In considering the above, there is no evidence that the adjudication of the plaintiff's claims in the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." To this extent, pursuant to Morrissey v. Brewer, 408 U.S. 471 (1972), the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply. Id. at 480.

7

Nonetheless, the Court ruled that a parolee is entitled to certain due process, such as a notice of the charges, a preliminary hearing to determine whether there is probable cause to believe that he has committed acts that would constitute a violation of his parole conditions, Id. at 484-85, and a full hearing at which he may present evidence, Id. at 487-88. These protections, however, are provided ". . . if it is desired by the parolee . . ." Id. at 487-88. There is nothing to say, either in Morrissey or otherwise, that these protections cannot be waived, as occurred in the petitioner's case. The record does not support that the state court decision was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Moreover, in order to meet his burden, the petitioner has presented absolutely no evidence that the adjudication of his claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The evidence as presented in the state court and in the instant action is fairly clear. The petition was given a condition of his parole, i.e., to successfully complete the Gaudenzia program. He freely admitted that he violated this condition in that he did not successfully complete program. In relation to this violation, the

evidence shows that the petitioner waived any right to a preliminary hearing, a panel hearing, and counsel. There was no unreasonable determination of the facts in light of this evidence.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

**Date:** April 6, 2011

O:\shared\REPORTS\2010 Reports\10-1277-01.wpd